## TRADERS' TRUST CO. v. WAYNE.

### In re GEORGE R. JONES & CO., Inc.

(Circuit Court of Appeals, Fifth Circuit. May 6, 1926.)

### No. 4732.

Mortgages ☞114—Trust deed held intended to secure indebtedness only to amount of $5,000.

Corporation's trust deed, executed pursuant to resolution of board of directors, authorizing officers to establish a line of credit in the sum of $5,000, and to execute notes and renewal notes not to exceed that sum, *held* intended only to secure an indebtedness not to exceed $5,000, and creditor is not entitled to preferred claim in excess of that amount.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the matter of the bankruptcy of Geo. R. Jones & Co., Inc. From a judgment sustaining the objection of Clarence Wayne, trustee, to the secured claim of the Traders' Trust Company in excess of $5,000, said Traders' Trust Company appeals. Affirmed.

Walter McElreath and Thomas Howell Scott, both of Atlanta, Ga., for appellant.

Leonard Haas, of Atlanta, Ga. (Underwood & Haas, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment disallowing in part a claim of appellant as a secured debt against the estate of George R. Jones & Co., Inc., bankrupt. It appears that in May, 1923, the George R. Jones Company was indebted to the Decatur Bank & Trust Company in the sum of $5,000, represented by a note, and executed a deed of trust covering certain land to secure it. The material part of the deed is as follows:

"This deed is made to secure the payment of a debt, pursuant to the laws of Georgia in such case made and provided, or any renewal of said debt, or any part thereof, which debt is evidenced by a certain promissory note bearing even date herewith for the sum of five thousand ($5,000.00) dollars, signed by Geo. R. Jones Company, Inc., bearing interest from date at the rate of eight (8%) per cent. per annum, and providing for the payment of ten (10) per cent. as attorney's fees. This deed is intended, not only to secure the above-described note, but any other indebtedness that may be now or hereafter owing by the said Geo. R. Jones Company, Inc., to said bank, or any renewal of such indebtedness; the purpose and object of this deed being to secure a line of credit by said Geo. R. Jones Company, Inc., from said bank, so long as the same may be mutually agreeable to the parties hereto. This deed is executed pursuant to the following resolution passed by the directors of said Geo. R. Jones Company, Inc., to wit:

" 'Resolution.

" 'Resolved, That the officers of this corporation, to wit, George R. Jones Company, Inc., be and they are hereby authorized to arrange with the Decatur Bank & Trust Company for a line of credit from said bank to this corporation in the sum of five thousand dollars ($5,000.00), and to execute from time to time such notes as may be necessary to secure such bank for said sum or any part thereof, and to renew any such note or notes, and from time to time to sign new notes for additional sums advanced by said bank for this corporation, not exceeding at any time five thousand dollars ($5,000.00), and said officers are also authorized to convey to said bank as security for any note or notes that may be executed by this corporation pursuant to this resolution, the following described land, to wit.' "

The George R. Jones Company was adjudicated bankrupt in September, 1925. Prior to that time the Decatur Bank & Trust Company had transferred certain notes charged to the bankrupt, amounting to over $15,000, and its rights under the trust deed, to appellant, and that company filed a proof of debt as a secured claim to the amount of $14,772.48. The trustee objected to the allowance of the claim as secured in any

amount exceeding $5,000, and the referee entered an order maintaining the contention of the trustee, which order was in turn approved by the District Court. Appellant now contends that the deed was intended to secure any indebtedness up to $10,000.

The only question presented for review is the construction of the deed of trust by the court below. We agree with the referee and the District Court in their construction of the deed of trust. Considering the provisions above quoted, including the resolution of the company, it seems clear that it was the intention of the grantor to secure a line of credit at all times of $5,000, but not to secure any indebtedness exceeding that amount. The testimony of Jones, president, and Andrews, treasurer, of the bankrupt, sustains this construction. In this connection it may be noted that the proof of debt filed by appellants shows only one note of $5,000 made by the Jones Company to the Decatur Bank & Trust Company. The other notes going to make up the amount claimed are either notes to the Jones Company, indorsed and discounted by it with the bank, or notes of the Jones Company to third persons, indorsed and discounted by them. It would be stretching the provisions of the deed of trust too far to say that it was the intention of the parties, when it was executed, that notes such as these were intended to be secured by it.

Affirmed.